KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
MARK R. REHE
Assistant U.S. Attorney
California State Bar. No. 192517
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-6252

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Marilyn L. Huff)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07CR2973-H |
| Plaintiff, ) | Date: July 14, 2008 |
| ) | Time: 2:00 p.m. |
| v. ) | UNITED STATES' OPPOSITION TO |
| ) | DEFENDANT'S MOTION TO |
| JUAN CARLOS FAJARDO-HERNANDEZ,) | DISMISS INDICTMENT |
| Defendant. ) | |

   COMES NOW, the Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Paul L. Starita and Mark R. Rehe, Assistant United States Attorneys, and hereby files the attached opposition to defendant JUAN CARLOS FAJARDO-HERNANDEZ's ("Defendant") Motion to Dismiss Indictment.

//

//

//

//

//

**I.**

**STATEMENT OF FACTS**

For purposes of the instant response, the Government will assume the facts as set forth in Defendant's motion. [Deft's Mtn. to Dismiss, at 2-3.]

**II.**

**ARGUMENT**

**A.   INTRODUCTION**

Defendant claims the Indictment must be dismissed because: (1) it fails to allege a "voluntary" entry, as well as "inspection and admission by an immigration officer or actual and intentional evasion of inspection at the nearest inspection point" [id., at 3-5]; and (2) Defendant's underlying order of removal dated October 21, 2002, is invalid, as the immigration judge ("IJ") failed to advise him that he was eligible for voluntary departure [id., at 5-10.]  Neither claim has merit.

**B.   THE INDICTMENT NEED NOT BE DISMISSED FOR FAILING TO ALLEGE A VOLUNTARY ENTRY OR OTHER VERBIAGE DEMANDED BY DEFENDANT**

Defendant's challenges to the sufficiency of the Indictment are easily refuted.  A "voluntary" entry need not be alleged in a count stating a "found in" offense under 8 U.S.C. § 1326.  United States v. Rivera-Sillas, 417 F.3d 1014, 1018-19 (9th Cir. 2005) ("The Government does not need to charge or prove voluntary entry in a § 1326 'found in' offense; indeed we have definitively said that '[v]oluntary entry need not be expressly pled in an indictment for a violation of 8 U.S.C. § 1326.'") (quoting United States v. San Juan-Cruz, 314 F.3d 384, 390 (9th Cir. 2002)); see also United States v. Parga-Rosas, 238 F.3d 1209, 1213 (9th Cir. 2001) ("[a]lleging that a defendant is a deported alien subsequently found in the United States without permission suffices" for a § 1326 "found in" indictment).

The Ninth Circuit has also squarely rejected Defendant's other challenge to the sufficiency of the Indictment based on its failure to allege the technical elements of an "entry" under immigration law.  Rivera-Sillas, 417 F.3d at 1019 (an 8 U.S.C. § 1326 indictment need not "charge(a) inspection and admission by an immigration officer or (b) actual and intentional evasion of inspection at the inspection point nearest to where he was apprehended.  Rivera-Sillas's argument lacks merit.").

### C. THE INDICTMENT ALSO NEED NOT BE DISMISSED DUE TO AN INVALID ORDER OF REMOVAL

A collateral attack of a prior deportation will fail unless the alien can demonstrate that: (1) he exhausted administrative remedies; (2) his deportation proceeding improperly deprived him of the opportunity for judicial review; and (3) the entry of his order of deportation was "fundamentally unfair." 8 U.S.C. § 1326(d). The Ninth Circuit has interpreted this statute to require, apart from exhaustion, proof that an alien's due process rights were violated by defects in the underlying deportation proceeding, and proof that the alien suffered prejudice. See United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000). The defendant "bears the burden of proving prejudice." United States v. Proa-Tovar, 975 F.2d 592, 595 (9th Cir. 1992) (en banc); see also Arrieta, 224 F.3d at 1079. To prove prejudice, the alien must show that he had "plausible grounds for relief from deportation." United States v. Arce-Hernandez, 163 F.3d 559, 563 (9th Cir. 1998). It is not enough to show that a procedural requirement was not complied with, or that the alien would have availed himself of missing procedural protections; the alien must "produce some concrete evidence indicating that the violation of a procedural protection actually had the potential for affecting the outcome of his or her deportation proceedings." United States v. Cerda-Pena, 799 F.2d 1374, 1379 (9th Cir. 1986).

#### 1. Defendant's Motion to Dismiss Ignores His 2005 Administrative Removal

As for the collateral challenge to the underlying removal supporting Count 1, it is misplaced. Defendant focuses all his energy on the IJ's order of removal dated October 21, 2002. He claims that order is invalid because the IJ failed to advise him of his eligibility for a so-called "fast track voluntary departure" under 8 U.S.C. § 1229c(a)(1). See generally United States v. Ortiz-Lopez, 385 F.3d 1202 (9th Cir. 2004) (per curiam). [Deft's Mtn. to Dismiss, at 5-9.] He then claims that all reinstatements of that order are invalid, insofar as their legal authority derives from the legal authority (or lack thereof) of the order dated October 21, 2002. [Id., at 9-10.] Defendant identifies four such reinstatements that expressly incorporate the order of removal dated October 21, 2002: May 6, 2003; November 28, 2003; June 2, 2004; and April 11, 2007. [Id., at Exhibit 6.]

However, even if Defendant is right about the October 21, 2002, order of removal, he ignores one more removal in the record, the validity of which is *not* tied to the October 21, 2002, order. The proceeding to which refer is a so-called **"administrative removal"** on November 14, 2005. Defendant acknowledges the existence of that removal and even includes some of its paperwork as his Exhibit 7. However, he only cites to that removal for a collateral purpose. [See id., at 3:21 (citing to Exhibit 7 for proof of Defendant's 2004 conviction under Cal. Penal Code § 273.5(a) and two-year prison sentence).] Defendant fails to recognize its greater impact as a permissible basis for the element of prior removal in Count 1 that is immune from collateral attack.

### 2.   Specific Legal Principles Governing "Administrative Removals" Under Section 238(b) of the INA

#### a.   Statutory Authority: 8 U.S.C. § 1228(b)

Administrative removals are authorized by Section 238(b) of the Immigration and Nationality Act ("INA") as an expedited procedure for deporting certain aliens convicted of aggravated felonies:

> The Attorney General may, in the case of an alien described in paragraph (2), determine the deportability of such alien under section 1227(a)(2)(A)(iii) of this title (relating to conviction of an aggravated felony) and issue an order of removal pursuant to the procedures set forth in this subsection or section 1229a of this title.

8 U.S.C. § 1228(b)(1). Under this special procedure, qualifying aliens are "subject to expedited removal, without a hearing before an immigration judge," by a designated immigration officer. United States v. Gonzalez, 429 F.3d 1252, 1254 (9th Cir. 2005).

An alien may be subject to an administrative removal under Section 238(b) if he either:

> (A) was not lawfully admitted for permanent residence at the time at which proceedings under this section commenced; or
>
> (B) had permanent resident status on a conditional basis (as described in section 1186a of this title) at the time that proceedings under this section commenced.

8 U.S.C. § 1228(b)(2).

As for the amount of process required in such proceedings, Congress has legislated thus:

> (4) Proceedings before the Attorney General under this subsection shall be in accordance with such regulations as the Attorney General shall prescribe. The Attorney General shall provide that –

        (A) the alien is given reasonable notice of the charges and of the opportunity described in subparagraph (C);

        (B) the alien shall have the privilege of being represented (at no expense to the government) by such counsel, authorized to practice in such proceedings, as the alien shall choose;

        (C) the alien has a reasonable opportunity to inspect the evidence and rebut the charges;

        (D) a determination is made for the record that the individual upon whom the notice for the proceeding under this section is served (either in person or by mail) is, in fact, the alien named in such notice;

        (E) a record is maintained for judicial review; and

        (F) the final order of removal is not adjudicated by the same person who issues the charges.

8 U.S.C. § 1228(b)(4).

Finally – and most importantly for purposes of this motion – an alien subject to an administrative removal is **statutorily ineligible for any form of relief**. See 8 U.S.C. § 1228(b)(5) ("No alien described in this section shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion.").

In sum, so long as an alien is not a lawful permanent resident and has an aggravated felony, his administrative removal will be valid without need to consider any relief. See Gonzalez, 429 F.3d at 1254 (8 U.S.C. § 1228(b) "provides that non-LPR aliens convicted of an aggravated felony are subject to expedited removal, without a hearing before an immigration judge . . ., and are ineligible for any form of relief from removal"); Cortez-Rubio v. Mukasey, No. 06-70823, 2008 WL 2595251, *1 (9th Cir. June 30, 2008) (unpublished) ("To remove an alien administratively, the government must show that (1) the alien has been convicted of an aggravated felony, and (2) that he is not a United States citizen, national, or lawful permanent resident.") (citing 8 U.S.C. § 1228(b); 8 C.F.R. § 238.1(b)(1)).

### b.    Implementing Regulation: 8 C.F.R. § 238.1

The actual procedures of an administrative removal under Section 238(b) are set forth at 8 C.F.R. § 238.1, an implementing regulation promulgated by the Attorney General. According to that regulation, the process of administrative removal entails three separate documents. First, removal

proceedings commence when an "issuing Service officer"[1] determines that sufficient evidence supports removal and serves the alien with a **Form I-851**, Notice of Intent to Issue a Final Administrative Removal Order. See 8 C.F.R. § 238.1(b)(1). Second, if the alien concedes deportability, a "deciding Service officer"[2] shall issue and cause to be served upon the alien a **Form I-851A**, Final Administrative Removal Order. See 8 C.F.R. § 238.1(d)(1). Finally, as with any other removal, a **Warrant of Removal** bearing the alien's photo, fingerprint, and time and manner of departure is executed when the alien is physically removed from the United States. See 8 C.F.R. § 238.1(f)(1).

### c. Judicial Approval of Administrative Removals

The administrative removal process has repeatedly been upheld against legal challenge. See United States v. Calderon-Segura, 512 F.3d 1104, 1107-08 (9th Cir. 2008) (upholding Section 238(b) against Equal Protection and Due Process Clause challenges); United States v. Garcia-Martinez, 228 F.3d 956, 960-61 (9th Cir. 2000) (denying due process challenge to administrative removal proceedings under Section 238(b) based on a claim "that deciding Service officers, as INS enforcement employees, are inherently biased adjudicators"); United States v. Benitez-Villafuerte, 186 F.3d 651, 660 (5th Cir. 1999) ("[I]t is clear to us that the administrative deportation procedures of § 1228 afforded [the alien] the unimpeded opportunity to claim all the procedural due process to which he was constitutionally entitled."); Bamba. v. Elwood, 252 F. Supp. 2d 195, 206 (E.D. Pa. 2003) ("The expedited removal proceedings of § 1228(b) are applicable to petitioner and that statute comports with due process."), aff'd by Bamba v. Riley, 366 F.3d 195 (3rd Cir. 2004). So, administrative removals are on a firm legal basis, and there is no question that they can "be used as an element of the offense of illegal re-entry after removal under 8 U.S.C. § 1326." See Garcia-Martinez, 228 F.3d at 960.

---

[1] An "issuing Service officer" is "any Service officer listed in § 239.1 of this chapter as authorized to issue notices to appear." See 8 C.F.R. § 238.1(a). Because the regulation was promulgated before the advent of the Department of Homeland Security, the reference to "Service" presumably means the former "Immigration and Naturalization Service."

[2] A "deciding Service officer" means "a district director, chief patrol agent, or another immigration officer designated by a district director, chief patrol agent, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs, so long as that person is not the same person as the issuing Service officer." See 8 C.F.R. § 238.1(a).

### 3. **Defendant Was Subject to a Valid Administrative Removal in November 2005**

With the foregoing principles in mind, the record reflects that Defendant was, in fact, subject to a valid administrative removal under Section 238(b) in November 2005.

#### a. **The Requisite Paperwork Exists**

To begin with, the A-file contains the required paperwork. First, attached as **Exhibit A** is a true and correct copy of a **Form I-851**, Notice of Intent to Issue a Final Administrative Removal Order, that was served on Defendant on October 31, 2005. See 8 C.F.R. § 238.1(b)(1). The issuing Service officer was L. Tanori-Amarillas, SDDO, in Calipatria, California. On the second page of Exhibit A, Defendant signed his name under a section containing the following representations:

> ☒ I Do Not Wish to Contest and/or to Request Withholding of Removal
>
> ☒ I admit the allegations and charge in the Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges. I do not wish to request withholding or deferral of removal. I wish to be removed to:        Mexico
>
> ☒ I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right.

Second, attached as **Exhibit B** is a true and correct copy of a **Form I-851A**, Final Administrative Removal Order, as required by 8 C.F.R. § 238.1(d)(1). The deciding Service officer reflected on this order is Johnny N. Williams, Supervisory Detention and Deportation Officer, in El Centro, California. Exhibit B reflects the following findings:

> I find that you are not a citizen or national of the United States and that you were not lawfully admitted for permanent residence. I further find that you have a final conviction for an aggravated felony as defined by Section 101(a)(43)(F) of the Act, as amended [by] 8 U.S.C. 1101(a)(43)(F) and are ineligible for any relief from removal that the Secretary of Homeland Security, may grant in an exercise of discretion.

Third, attached as **Exhibit C** is a true and correct copy of a **Warrant of Removal**, as required by 8 C.F.R. § 238.1(f)(1). It bears Defendant's photo and fingerprint, and it states that Defendant was removed afoot to Mexico through the Calexico Port of Entry on November 14, 2005.

//
//

### b.     Defendant's Administrative Removal Was Consistent with Governing Law

Moreover, Defendant's administrative removal was substantively valid. Again, to be lawful, such a removal only requires proof of two facts: (1) the alien is not a lawful permanent resident at the time, and (2) he has a criminal conviction for an "aggravated felony." See Gonzalez, 429 F.3d at 1254; Cortez-Rubio, 2008 WL 2595251, at *1.

Here, both facts exist. First, Defendant was not a lawful permanent resident in November 2005, when the administrative removal proceedings were initiated. He admitted as much by checking the box on page 2 of Exhibit A, which states, "☒ I admit the allegations and charge in the Notice of Intent." One of those allegations, as set forth on page 1 of Exhibit A, was, "5. You are not lawfully admitted for permanent residence." As further support, Defendant also admits that he was deported shortly before the relevant time period on June 2, 2004 [see Deft's Mtn. to Dismiss, at 9:25], which is consistent with his lack of any status in this country in November 2005.

Second, Defendant sustained a conviction for inflicting corporal injury to a spouse, see Cal. Penal Code § 273.5(a), on November 9, 2004, for which he was sentenced to a two-year prison term. Attached as **Exhibit D** is a true and correct copy of court records from this conviction in San Diego County Case #SCS189096.[3] Included in the list of aggravated felonies in Title 8 is "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." See 8 U.S.C. § 1101(a)(43)(F). Defendant's conviction of corporal injury to a spouse meets this definition – not only by *his own admission* [fn. 3, supra], but also under the case law. See United States v. Jimenez, 258 F.3d 1120, 1125 (9th Cir. 2001) ("Jimenez does not, nor could he reasonably, dispute that inflicting corporal injury on his spouse involved the use of violence."); Maya-Cruz v. Keisler, 252 Fed. Appx. 136, 138, 2007 WL 3088267 (9th Cir. Oct. 23, 2007) (unpublished) (conviction for Cal. Penal Code § 273.5(a) for which the sentence was 365 days in jail amounted to an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F)).

---

[3] We would also note that Defendant admits to this conviction in his moving papers. [See Deft's Mtn. to Dismiss, at 3:19-21 ("On November 9, 2004, Mr. Fajardo-Hernandez was convicted of P.C. § 273.5, an aggravated felony, and he was sentenced to a prison term of 2 years.").]

Thus, insofar as Defendant was subject to a valid administrative removal in 2005, his motion to dismiss the Indictment necessarily fails. As noted, aliens who are properly subject to administrative removal under Section 238(b) of the INA are statutorily ineligible for *any* form of discretionary relief. See 8 U.S.C. § 1228(b)(5).[4] As the Ninth Circuit has held, that means Defendant cannot establish the required prejudice under 8 U.S.C. § 1326(d). See Calderon-Segura, 512 F.3d at 1108 ("[A]s a non-LPR aggravated felon subject to expedited removal, Calderon-Segura was statutorily ineligible for any discretionary relief. Id. § 1228(b)(5). We therefore conclude that the agency's failure to advise him of discretionary relief that he was statutorily barred from obtaining neither violated his due process rights, nor was it prejudicial."); Garcia-Martinez, 228 F.3d at 963 (same).

### c. Summary

The entire premise of Defendant's motion is that any removal "whose legal authority was derived from" his October 21, 2002, order of removal by an IJ is also invalid. [Deft's Mtn. to Dismiss, at 9:18-19.] Even if that is correct, the November 2005 administrative removal does *not* derive its authority from the October 21, 2002, order of removal. It stands on its own, pursuant to the statutory authority of 8 U.S.C. § 1228(b) and 8 C.F.R. § 238.1; and, unlike the four reinstatements that Defendant cites in Exhibit 6, the underlying paperwork does not even incorporate or refer to the October 21, 2002, order.[5] [See Exhibit B.] The November 2005 administrative removal can thus sustain the Indictment.

---

[4] This includes the fast-track voluntary departure that is the focus of Defendant's claim of prejudice in his motion to dismiss. Regardless, aliens convicted of aggravated felonies are also statutorily ineligible for that remedy under the terms of the fast-track voluntary departure statute itself, 8 U.S.C. § 1229c(a)(1). See Ortiz-Lopez, 385 F.3d at 1205 n.3.

[5] Just so the record is clear, there can be no doubt that an administrative removal is *not* the same thing as a reinstatement. Not only do the two procedures have separate statutory authorizations and implementing regulations, compare 8 U.S.C. §§ 1228(b)(1)-(5) and 8 C.F.R. § 238.1 (administrative removals) with 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8 (reinstatements), the case law also reflects that the two are separate and distinct. See, e.g., Arrieta, 224 F.3d at 1080 (referring to administrative removal as "the special § 1228(b)(1) procedures"); Ogundipe v. DHS, 295 F. Supp. 2d 513, 516 (E.D. Pa. 2003) ("On March 12, 2003, the INS rescinded its Notice of Intent to Reinstate Prior Order of Deportation, and served Petitioner with a Notice of Intent to Place Petitioner in Administrative Removal Proceedings under § 238 of the Immigration and Nationality Act."). Also, defendants are often the first to point out the differences when they think it will be to their benefit. See, e.g., United States v. Garcia-De La Cruz, 2006 WL 533796, *1 (D. Ariz. March 3, 2006) (unpublished) ("Defendant contends that the current charge of re-entry after deportation is supported by a deportation that was an administrative removal proceeding and that his prior deportation was not a reinstatement but an expedited removal.").

# III.

## **CONCLUSION**

Defendant's Motion to Dismiss the Indictment should be denied.

DATED: July 8, 2008                                    Respectfully submitted,

                                                                 KAREN P. HEWITT
                                                                 United States Attorney

                                                                 */s/ MARK R. REHE*

                                                                 PAUL L. STARITA
                                                                Assistant U.S. Attorney

                                                                MARK R. REHE
                                                               Assistant U.S. Attorney

                                                                Attorneys for Plaintiff
                                                                United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br>JUAN CARLOS FAJARDO-HERNANDEZ<br>  Defendant. | Case No. 07-CR-2973-H<br><br>PROOF OF SERVICE |

IT IS HEREBY CERTIFIED that:

I am a citizen of the United States, over the age of 18 years, and a resident of San Diego County, California; my business address is Office of the United States Attorney, 880 Front Street, Room 6293, San Diego, California, 92101-8893; and I am not a party to the above-entitled action.

On this date, I served the following document(s) described as:

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

__X__ **E-mail / ECF** by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the recipient via e-mail, as indicated below:

John R Fielding, Jr
Law Offices of John R Fielding
402 West Broadway, Suite 1700
San Diego, CA 92101
    jfieldingattyatlaw@yahoo.com

____ **United States Mail** to non-ECF participants by causing a true copy thereof to be placed in a sealed envelope, with postage thereon fully prepaid, to be placed in the United States Mail at San Diego, California, addressed as indicated below. I am "readily familiar" with this office's practice of collection and processing of correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business:

(N/A)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed July 8, 2008, at San Diego, California.

             */s/ MARK R. REHE*
             MARK R. REHE